IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROGELIO CANTU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-3152-B-BN |
| | § | |
| JUSTICE OF THE PEACE PRECINCT 4, | § | |
| | § | |
| | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Without paying the filing fee, Plaintiff Rogelio Cantu filed a *pro se* complaint related to a criminal charge filed against him in the justice of the peace court in Johnson County, Texas. *See* Dkt. No. 3. Senior United States District Judge Jane J. Boyle referred Cantu's lawsuit to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference.

Cantu did not pay the filing fee or file a motion for leave to proceed *in forma pauperis* ("IFP"). So the Court ordered Cantu to file an IFP motion or pay the filing fee by December 22, 2025. *See* Dkt. No. 4. The Court also ordered Cantu to file an amended complaint "because the complaint on its face does not appear to allege any claim, much less a plausible claim." *Id.* at 2. On January 8, 2026, Cantu filed a document titled "Acceptance of Filing Fees & Court Costs For Trust Authorized Payment." *See* Dkt. No. 7. He has not filed an amended complaint or filed an IFP motion on the form provided by the Court.

And the undersigned enters these findings of fact, conclusions of law, and

recommendation that the Court should dismiss the complaint with prejudice.

## Discussion

A district court is required to screen a civil complaint filed IFP (that is, without payment of the filing fee) and may summarily dismiss that complaint (or any portion of it) if the complaint fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

"The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

And "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006)), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177; citation omitted).

"[F]airness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (cleaned up; quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007)); *see also Carver v.*

*Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." (citations omitted)).

And these findings, conclusions, and recommendations provide notice, while the period for filing objections affords an opportunity to respond. *See, e.g.*, *Starrett*, 2018 WL 6069969, at *2 (citations omitted).

A district court has authority to dismiss an action as "factually frivolous" related to claims where "the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (cleaned up; quoting *Neitzke v. Williams,* 490 U.S. 319, 325, 327-28 (1989)); *see also id.* at 33 (Dismissal "is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.")).

A review of Cantu's complaint reveals that his claims rely on sovereign citizen theories. *See United States v. Weast*, 811 F.3d 743, 746 n.5 (5th Cir. 2016) ("The sovereign citizen movement is a loose grouping of litigants, commentators, and tax protesters who often take the position that they are not subject to state or federal statutes and proceedings."). Those claims are frivolous and without merit. *See, e.g.*, *Watson v. Texas State Univ.*, 829 F. App'x 686 (5th Cir. 2020) (per curiam) (affirming dismissal of claims based on legal theories associated with the sovereign citizen

- 3 -

movement as "frivolous" and "entirely without merit"); *Hughes v. Shannon*, No. 3:20-CV-0637-B-BT, 2021 WL 1093110, at \*2 (N.D. Tex. Mar. 2, 2021), *rec. accepted*, No. 3:20-CV-0637-B (BT), 2021 WL 1088440 (N.D. Tex. Mar. 22, 2021) (finding that "factual allegations are irrational and nonsensical" and "sovereign citizen claims are also legally frivolous"); *Westfall v. Davis*, 2018 WL 2422058, at \*2 (N.D. Tex. May 4, 2018), *rec. accepted*, 2018 WL 2414794 (N.D. Tex. May 29, 2018) (noting that "[s]overeign-citizen legal arguments ... are indisputably meritless."). So the complaint should be dismissed with prejudice as frivolous.

### Recommendation

The Court should dismiss the complaint with prejudice as frivolous.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

- 4 -

*United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 14, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE