IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROGELIO CANTU,                          §
                                        §
            Plaintiff,                  §
                                        §
V.                                      §        No. 3:25-cv-3152-B
                                        §
JUSTICE OF THE PEACE PRECINCT 4,        §
                                        §
            Defendant.                  §

## MEMORANDUM OPINION AND ORDER

Without paying the filing fee, Plaintiff Rogelio Cantu filed a *pro se* complaint related to a criminal charge filed against him in the justice of the peace court in Johnson County, Texas. *See* Dkt. No. 3. The magistrate judge entered findings of fact, conclusions of law, and a recommendation that the Court dismiss the complaint with prejudice as frivolous (the "FCR"). *See* Dkt. No. 8. Cantu filed objections, but the Court accepted the FCR and entered judgment on January 29, 2026. *See* Dkt. Nos. 9, 10, 11, 12.

On February 3, 2026, Cantu filed an affidavit, and on February 13, 2026, he filed a motion for reconsideration. *See* Dkt. Nos. 13, 14. Because the affidavit and motion for reconsideration were filed within 28 days of the judgment, the Court will treat them as though they were filed under Federal Rule of Civil Procedure 59(e). *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam) (A motion requesting that a district court reexamine a prior ruling that adjudicates all the claims among all the parties filed "within twenty-eight days after the entry of the judgment … is treated as though it was filed under [Federal Rule of Civil Procedure] 59." (citation omitted)); *see also Washington v. UTMB*, No. 20-20434, 2022 WL 2527665, at *1 (5th Cir. July 7, 2022) (per curiam) ("Regardless of how it is labeled or classified, a motion seeking reconsideration

is treated as a Federal Rule of Civil Procedure 59(e) motion if it is filed within the applicable 28-day time limit." (citing FED. R. CIV. P. 59(e); *Mangieri v. Clifton*, 29 F.3d 1012, 1015 n.5 (5th Cir. 1994))).

A Rule 59(e) motion timely filed, within 28 days of judgment, "'suspends the finality of the original judgment' for purposes of an appeal." *Banister v. Davis*, 590 U.S. 504, 508 (2020) (quoting *FCC v. League of Women Voters of Cal.*, 468 U.S. 364, 373, n.10 (1984)). Upon the timely filing of an initial Rule 59(e) motion, "there is no longer a final judgment to appeal from," and a district court must rule on such a motion to "restore the finality of the original judgment" and "start the 30-day appeal clock," *id.* (cleaned up), even where a litigant files that motion after noticing an appeal, *see* FED. R. APP. P. 4(a)(4)(B)(i); FED. R. APP. P. 4(a)(4)(A). The Court's "ruling on the Rule 59(e) motion" will therefore merge "with the prior determination, so that the reviewing court takes up only one judgment." *Banister*, 590 U.S. at 509 (citation omitted).

Rule 59(e) "is 'an extraordinary remedy that should be used sparingly.'" *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021) (citation omitted). And, while its text "does not specify the available grounds for obtaining such relief," the United States Court of Appeals for the Fifth Circuit

> has explained that Rule 59(e) motions "are for the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence" – not for raising arguments "which could, and should, have been made before the judgment issued." [The Fifth Circuit has] further noted that Rule 59(e) allows a party to alter or amend a judgment when there has been an intervening change in the controlling law.

*Id.* (citations omitted); *accord Demahy*, 702 F.3d at 182.

Under these standards, Cantu fails to show a basis for this remedy. Cantu's motion and affidavit, like his complaint, are based on legal theories associated with the sovereign citizen movement and are frivolous. *See, e.g., Watson v. Texas State Univ.*, 829 F. App'x 686 (5th Cir. 2020)

(per curiam) (affirming dismissal of claims based on legal theories associated with the sovereign citizen movement as "frivolous" and "entirely without merit"). Controlling law has not changed since the Court entered judgment; Cantu presents no newly discovered evidence that could question the correctness of the judgment; nor does he plausibly show that the Court need correct a manifest error of law or fact.

To the extent that the affidavit or the reference to a potential subrogation claim in the motion should be construed as a proposed amended complaint, the proposed amendments would not resolve the deficiencies in this case. Leave to amend is not required when a plaintiff has already pled his "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).

In sum, Cantu offers no compelling reasons to reconsider the Court's decision to dismiss his claims. Therefore, the Court DENIES his post-judgment motions [Dkt. Nos. 13, 14].

SO ORDERED this 14th day of April, 2026.

JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE